IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| NATHANIEL HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 8:16-cv-02521-PWG |
| | ) |
| GERALD L. FERREYRA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Ofc. Gerald Ferreyra ("Ofc. Ferreyra") and Ofc. Brian Phillips ("Ofc. Phillips") (collectively "Defendants") of the United States Park Police, by their attorneys and pursuant to FED. R. CIV. P. 56, respectfully submit this reply in further support of their motion for summary judgment (the "Motion") on all counts set forth in the First Amended Complaint filed by Plaintiff Nathaniel Hicks ("Agt. Hicks"). In so doing, Defendants state as follows:

A. AGT. HICKS CANNOT DEFEAT SUMMARY JUDGMENT ON ASSERTED DISPUTES OF MATERIAL FACT WHEN SUCH ASSERTIONS ARE PREMISED ON SELF-SERVING STATEMENTS OTHERWISE UNSUPPORTED BY THE RECORD, OR UPON SPECULATION AND CONJECTURE.

The primary thrust of Agt. Hicks' Opposition ("Opposition") to Defendants' Motion is that "significant" disputes of material fact exist that preclude summary judgment. *See generally* [ECF No. 79] at 8-21. But a close inspection of Agt. Hicks' asserted disputes of material facts reveals that those disputes are rooted in speculation, conjuncture, or self-serving statements not otherwise supported or present in the record. Accordingly, Agt. Hicks cannot defeat summary judgment

when such relief is rooted on the unvarnished undisputed material facts.

### 1. A Rule 56 Motion Cannot Be Defeated By Reliance On Speculation, Conjecture, Or Self-Serving Statements.

While the Court, at this stage, must view the evidence in the light most favorable to the non-moving party, "a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Asher v. United Airlines*, 70 F. Supp. 2d 614, 617 (D. Md. 1999); *see also Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."); *Barwick v. Celotex Corporation,* 736 F.2d 946, 963 (4th Cir.1984); *Mendez v. Nationwide Prop. & Cas. Ins. Co.*, 910 F. Supp. 2d 784, 788 (D. Md. 2012). As such, mere unsupported speculation cannot defeat a summary judgment motion. *Id.* (citing *Ennis v. Ntn'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir.1995)). The principle here is clear; "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Moreover, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." *United States v. One 2007 Harley Davidson St. Glide Motorcycle VIN 1HD1KB4197Y722798*, 982 F. Supp. 2d 634, 637 (D. Md. 2013) (citing Fed. R. Civ. P. 56(e)(2)). To wit, hearsay and conclusory statements without an evidentiary basis cannot defeat a motion

for summary judgment. *Id.* at 637–38 (citing *Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro,* 64 F.3d 962, 967 (4th Cir.1995)).

In his Opposition, Agt. Hicks has produced nothing, except for his own self-serving deposition testimony, speculation, or conjecture that contradicts the sworn statements of the other witnesses in this case upon which Defendants' Motion rests. *See Am. Muscle Docks & Fabrication, LLC v. Merco, Inc.*, 187 F. Supp. 3d 694, 701 (N.D.W. Va. 2016) ("AMD has produced nothing to contradict these sworn statements other than deposition testimony of its own representatives, which this Court has reviewed and finds to be self-serving hearsay. A party cannot create a genuine dispute through mere speculation or the building of one inference upon another.") (internal citations and quotations omitted); *see also Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."); *Genesis Office Systems, Inc. v. PNC Bank, N.A.,* 639 Fed. Appx. 939, 940 (4th Cir. 2016) (finding statements in self-serving, uncorroborated affidavit – which were contrary to individual's prior sworn testimony – insufficient to create a material issue of fact). For example, Agt. Hicks contends that Sgt. Wallace arrived on the scene after the motorcade left the area of the incident. *See* [ECF No. 79] at 5, 6, 20. However, the only source of this contention is Agt. Hicks' own self-serving deposition testimony. *See* [ECF No. 80-1]

3

at 115:19-116: 11, 121:2-5. Ofc. Ferreyra testified that "[t]he motorcade came well towards the end of – because I remember I was standing there, [Ofc. Chris] Benz was standing there. So was [Ofc.] Phillips. [Sgt.] Wallace was at the window talking to [Agt. Hicks], so I don't even know if he saw the motorcade." *See* [ECF No. 80-7] at 152:15-22. Ofc. Phillips and Sgt. Wallace both testified that when the latter arrived on scene, he engaged Agt. Hicks, who was sitting in his vehicle, talking on his phone. *See* [ECF No. 80-6] at 59:1-7; [ECF No. 80-9] at 34:11-22; *see also* [ECF No. 80-1] at 112:4-7. According to Agt. Hicks' phone log and his own testimony, ATSAIC Keane called him at 6:32 a.m. and the call continued for 18 minutes, ending at 6:50 a.m. *See id*. at 204:2-17. Agt. Hicks testified that this was the phone call during which Sgt. Wallace approached him and spoke to Agent Keane. *See id*. at 204:18-205:1. Moreover, Sgt. Wallace recalled his shift started at 6:00 am that day, that Ofc. Ferreyra's call for a supervisor came "fairly early on the day," and that he arrived on scene approximately 20 minutes later, *see* [ECF No. 80-9] at 19:41-21, 25:7-18, at which time Agt. Hicks testified he was on the phone with ATSAIC Keane. *See* [ECF No. 80-1]. Given his Opposition's concession that the motorcade approached the scene around 6:40 am, *see* [ECF No. 79] at 5, then Sgt. Wallace must have arrived on scene <u>before</u> the motorcade. Agent Hicks cannot use his own self-serving deposition testimony to create a genuine dispute of material fact if the testimony of other witnesses and the phone log prove that Sgt. Wallace arrived at the scene prior to 6:40 a.m. when the motorcade passed. This undisputed fact is central to Defendants' Motion, *see* [ECF No. 78-1] at 5-6, 14, and Agt. Hicks

4

cannot defeat summary judgment by relying upon his own self-serving statement that does not comport with the remaining record.

> 2. Similarly, Agt. Hicks' Opposition Regarding His Section 1985(1) Claim Is Either Contradictory Or Rests On Conclusory And Speculative Theories, All Of Which Are Unavailing.

Where Agt. Hicks' strategy, as discussed *supra*, is particularly apparent is in his Opposition's discussion regarding his Section 1985(1) conspiracy claim, in which Agt. Hicks: (a) improperly makes assertions that either contradict or are otherwise not presented in the First Amended Complaint ("FAC"); or (b) posits speculative and conclusory theories that are not supported by any admissible evidence. Neither approach can defeat summary judgment in favor of Defendants on the intracorporate conspiracy doctrine defense.

To explain, Agt. Hicks' Opposition <u>concedes</u> that the intracorporate conspiracy doctrine precludes agents of the same governmental entity from entering into unlawful conspiracies while acting in their official capacities. *See* [ECF No. 79] at 23. But Agt. Hicks also <u>ignores</u> that his FAC alleges that both Defendants "at all times relevant to this Complaint" were "acting under color of federal law and within the scope of [their] employment[.]" *See* [ECF No. 49-1] at 6, ¶¶ 19, 21. Instead, Agt. Hicks – for the first time – makes the speculative and conclusory assertion that "Defendants performed unauthorized acts in furtherance of their conspiracy." *See* [ECF No. 79] at 25. Not only is this assertion unsupported by any citation to the record, but Agt. Hicks is prohibited from making this assertion for the first time to try to defeat summary judgment. See, e.g., *Samosky v. United Parcel Serv.*, 944 F. Supp. 2d 479, 505 (S.D.W. Va. 2013) ("It is well-settled that a plaintiff may not

expand its claims to assert new theories in response to summary judgment or on appeal." (quotations and citations omitted).).[1]

Next, Agt. Hicks offers four speculative theories to support his new claim that Defendants had personal stakes in their encounters with Agt. Hicks sufficient to exempt them from the intracorporate conspiracy doctrine. These theories are meritless and unsupported by admissible evidence. First, Agt. Hicks claims that "a reasonable factfinder could determine that Defendants had a personal stake in detaining Agt. Hicks in order to suppress any future complaint against Ferreyra concerning Ferreyra's use of force." *See* [ECF No. 79] at 24. Not only is this theory purely hypothetical and devoid of any evidentiary support, but it also defies logic – that extending the detention would somehow <u>lessen</u> the likelihood of a subsequent complaint. Second, Agt. Hicks speculates that Ofc. Phillips himself had a personal

---

[1] See also *Miller v. United States*, 67 F.R.D. 486, 490 (D.D.C. 1975) ("It is not appropriate for the plaintiffs now to set forth a new claim in a memorandum of points and authorities [in opposition to summary judgment]. Plaintiffs have not even sought to amend their complaint to account for this new theory."); *Agri-Mark, Inc. v. Niro, Inc.*, 233 F. Supp. 2d 200, 207 (D. Mass. 2002) ("It is well-settled that plaintiffs are generally not permitted to raise brand new theories of their case in opposition to a motion for summary judgment, particularly where, as here, they have been given ample latitude to amend their complaint."); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1184 (E.D. Mo. 2005) ("A party cannot assert a new theory of his case in defending a summary judgment motion or expand a claim to create a material issue of fact where none existed before."); *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1067 (D. Mont. 2005), *aff'd*, 234 F. App'x 463 (9th Cir. 2007) ("The parents [plaintiffs] may not assert a new theory of recovery in their response to the Defendants' summary judgment motion."); *Matthews v. Xerox Corp.*, 319 F. Supp. 2d 1166, 1172 (S.D. Cal. 2004) ("The Court is mindful that case law indicates that a plaintiff may not raise a new theory of liability for the first time, after the close of discovery, in his opposition to summary judgment without amending his complaint.").

stake in detaining Agt. Hicks because he "was personally invested in protecting his friend [Ofc. Ferreyra] of ten years." *Id.* Agt. Hicks' citations to the record, however, demonstrate only that Defendants knew each other for ten years and were friends, and relies not on Ofc. Phillips' testimony, but rather upon an extrapolation of Ofc. Ferreyra's testimony. There is simply no evidentiary support for the theory that Ofc. Phillips acted out of a "personal invest[ment]" in unlawfully protecting Ofc. Ferreyra.

Third, Agt. Hicks theorizes that Ofc. Ferreyra was personally motivated by an unrelated encounter he had with Agt. Hicks years prior. *Id.* at 24-25. This speculative and conclusory theory is belied by Ofc. Ferreyra's testimony that he was unaware <u>until the day before his deposition</u> that Agt. Hicks was the same person from that previous encounter. *See* [ECF No. 80-6] at 289: 9-12, 297:7-298:4.[2] Finally, Agent Hicks theorizes that the alleged "ongoing tension[] between USPP and the Secret Service" supports the conclusion that Defendants allegedly held Agt. Hicks as some type of personally motivated feud with the Secret Service. *See* [ECF No. 79] at 25. There is no evidentiary support for the bald-faced theory that Defendants were so motivated, particularly since Ofc. Ferreyra's actually described these "tensions" as a "petty beef" rather than an animus-tinged feud giving rise to illegal conduct. *See* [ECF No. 80-6] at 285:14-22.

---

[2] Further undercutting this theory is that Agt. Hicks responded to Defendants' First Requests for Admission by admitting that he had never had any interaction with Ofc. Ferreyra before July 11, 2015. *See* **Exhibit A** attached hereto, at 1-2. This admission demonstrates that, as of November 21, 2017, Agt. Hicks also did not realize that he and Ofc. Ferreyra had met years previous.

7

After positing these four speculative theories as to Defendants' supposed motivations, Agt. Hicks asserts that Defendants undertook "unauthorized acts in furtherance of their conspiracy." *See* [ECF No. 79] at 25. But no specifics about what these unauthorized acts actually are provided, other than the broad legal conclusion that Agt. Hicks was detained without probable cause. Since Agt. Hicks failed to make this assertion in the FAC, and support it with any admissible evidence, the conspiracy claim fails as a matter of law. *See, e.g., Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 744 (D. Md. 2008) ("Without an allegation that the actions of the Horne Defendants fit within an exception to the intracorporate conspiracy rule, Count 5 fails to state a claim for civil conspiracy."); *see also Hodgin v. UTC Fire & Security Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018) (noting that arguments that "fail to create a genuine dispute of material fact because they are unsupported by record evidence and amount to little more than speculative allegations" cannot withstand summary judgment).

Finally, even presuming the intracorporate conspiracy doctrine does not bar his claims, which it does, Agt. Hicks failed to demonstrate that Defendants engaged in any conspiracy under applicable law.[3] Preliminarily, Agt. Hicks offers no admissible evidence to counter the evidentiary proof set forth in Defendants' Motion

---

[3] In his Opposition, Agt. Hicks also changes the type of conspiracy alleged against Defendants. The FAC asserts a conspiracy to interfere with the discharge of Agt. Hicks' duties under Section 1985(1), but the Opposition theorizes a purported conspiracy to violate Hicks' Fourth Amendment rights, which was <u>not</u> alleged in the FAC.

for Summary Judgment that they acted lawfully with respect to him. Moreover, as discussed in that Motion, Defendants, at no point, entered into any agreement to detain Agent Hicks – Ofc. Ferreyra acted alone and without consulting Ofc. Phillips during his initial encounter with Agt. Hicks, and the same is true regarding Ofc. Phillips' later encounter. Agt. Hicks incorrectly claims that his situation is "[s]imilar to *Hafner* [*v. Brown*, 983 F.2d 570 (4th Cir. 1992)] [because] the conspiracy at issue in this case "derives from one arrest, one place and one time." *See* [ECF No. 79] at 26-27 (alterations added). Notwithstanding that, here, it is undisputed that there were two separate incidents and that neither were initiated by <u>both</u> Defendants, absent any admissible facts demonstrating an agreement or meeting of the minds <u>between</u> Defendants, Agt. Hicks cannot meet the high bar for Section 1985 claims articulated by the Fourth Circuit:

> This Court, under that standard, has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy, such that the claim can withstand a summary judgment motion. Indeed, we have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.

*Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). Agt. Hicks offers only speculative theories to try to defeat summary judgment, and provides no facts in support of his assertions. Accordingly, Defendants are entitled to summary judgment in their favor on Count II of the FAC.

For these reasons, and for the reasons previously set forth, Defendants respectfully request that the Court grant their Motion.

9

Dated: January 7, 2019                    Respectfully submitted,

                                          _____/s/_____
                                          Andrew C. White, Esq. (Bar No. 08821)
                                          Edward P. Parent, Esq. (Bar No. 29370)
                                          SILVERMAN THOMPSON SLUTKIN WHITE, LLC
                                          201 North Charles Street, Suite 2600
                                          Baltimore, Maryland 21201
                                          Tel: (410) 385-2225
                                          Fax: (410) 547-2432
                                          awhite@mdattorney.com
                                          nparent@mdattorney.com

                                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2019, a copy of the foregoing Reply in Support of Defendants' Motion for Summary Judgment was filed with the Clerk of the Court through the CM/ECF system, which will furnish electronic copies to all counsel.

/s/<br>
Edward P. Parent, Esq. (Bar No. 29370)