# ATTACHMENT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

NATHANIEL HICKS,               )
                               )
        Plaintiff,             )
    v.                         )   Civil Case No. 8:16-cv-02521-PWG
                               )
GERALD L. FERREYRA, *et al.*,  )
                               )
        Defendants.            )
_____)

### SPECIAL VERDICT FORM

**Do you find from a preponderance of the evidence:**

**Question No. 1**:   That Officer Ferreyra intentionally committed acts that violated Agent Hicks' constitutional right not to be subjected to an unreasonable investigatory stop?

   Answer:    _____ YES          _____ NO

(*If you answered "YES," continue to Question No. 2. If you answered "NO," then proceed to Question No. 6.*)

**Question No. 2**:   That Officer Ferreyra violated Agent Hicks' right against unreasonable searches and searches while acting or purporting to act in the performance of his duties?

   Answer:    _____ YES          _____ NO

(*If you answered "YES," continue to Question No. 3. If you answered "NO," then proceed to Question No. 6.*)

**Question No. 3**:   That Officer Ferreyra's conduct caused Agent Hicks' to suffer any injuries?

   Answer:    _____ YES          _____ NO

(*If you answered "YES," continue to Question No. 4. If you answered "NO," then proceed to Question No. 6.*)

**Question No. 4**:   That Agent Hicks should be awarded compensatory damages against Officer Ferreyra to compensate Agent Hicks for physical and/or emotional injury?

Answer:   _____ YES         _____ NO

If your answer is "YES," in what amount?         $_____

(*Proceed to Question No. 5*)

**Question No. 5**:   That Officer Ferreyra acted with malice or reckless indifference to Agent Hicks' federally protected rights and that punitive damages should be assessed against Officer Ferreyra?

Answer:   _____ YES         _____ NO

If your answer is "YES," in what amount?         $_____

(*Proceed to Question No. 6*).

**Question No. 6**:   That Officer Phillips intentionally committed acts that violated Agent Hicks' constitutional right not to be subjected to an unreasonable investigatory stop?

Answer:   _____ YES         _____ NO

(*If you answered "YES," continue to Question No. 7. If you answered "NO," then proceed to Question No. 11.*)

**Question No. 7**:   That Officer Phillips violated Agent Hicks' right against unreasonable searches and searches while acting or purporting to act in the performance of his duties?

Answer:   _____ YES         _____ NO

(*If you answered "YES," continue to Question No. 3. If you answered "NO," then proceed to Question No. 11.*)

**Question No. 8**:   That Officer Phillips conduct caused Agent Hicks' to suffer any injuries?

Answer:   _____ YES         _____ NO

(*If you answered "YES," continue to Question No. 4. If you answered "NO," then proceed to Question No. 11.*)

**Question No. 9**:   That Agent Hicks should be awarded compensatory damages against Officer Phillips to compensate Agent Hicks for physical and/or emotional injury?

Answer:   _____ YES          _____NO

If your answer is "YES," in what amount?     $_____

(*Proceed to Question No. 10*)

**Question No. 10**:   That Officer Phillips acted with malice or reckless indifference to Agent Hicks' federally protected rights and that punitive damages should be assessed against Officer Phillips?

Answer:   _____ YES          _____NO

If your answer is "YES," in what amount?     $_____

(*Proceed to Question No. 11*).

**Question No. 11**:   That there was body damage on the right rear quarter panel of the 2014 Chevrolet Impala?

Answer:   _____ YES          _____NO

(*Proceed to Question No. 12*)

**Question No. 12**:   That the 2014 Chevrolet Impala had strobing lights turned on when Officer Ferreyra first approached the vehicle?

Answer:   _____ YES          _____NO

(*Proceed to Question No. 13*)

**Question No. 13:**   That Agent Hicks appeared to be asleep in a reclining position to Officer Ferreyra when Officer Ferreyra first approached the front passenger side of the 2014 Chevrolet Impala?

Answer:   _____ YES          _____NO

(*Proceed to Question No. 14*)

**Question No. 14:** That there was a gun lying in plain view on the front passenger seat of the 2014 Chevrolet Impala when Officer Ferreyra looked into the vehicle?

Answer: _____ YES _____NO

(*Proceed to Question No. 15*)

**Question No. 15:** That it appeared to Officer Ferreyra that Agent Hicks reached for the gun on the front passenger seat of the 2014 Chevrolet Impala in response to Officer Ferreyra knocking on the front passenger window?

Answer: _____ YES _____NO

(*Proceed to Question No. 16*)

**Question No. 16:** That Officer Ferreyra drew his service weapon and pointed it at Agent Hicks in response to seeing the gun on the front passenger seat of the Chevrolet Impala?

Answer: _____ YES _____NO

(*Proceed to Question No. 17*)

**Question No. 17:** That when Officer Ferreyra saw Agent Hicks in the 2014 Chevrolet Impala, Agent Hicks was not dressed in a service uniform?

Answer: _____ YES _____NO

(*Proceed to Question No. 18*)

**Question No. 18:** That Officer Ferreyra did not know that Agent Hicks was a Secret Service Agent until he properly verified his credentials?

Answer: _____ YES _____NO

(*Proceed to Question No. 19*)

**Question No. 19:** That Agent Hicks denied that he was asleep in the 2014 Chevrolet Impala when Officer Ferreyra approached the vehicle?

Answer: _____ YES _____NO

(*Proceed to Question No. 20*)

**Question No. 20**: That after Officer Ferreyra took possession of Agent Hicks' gun and credentials, Officer Ferreyra went back to his police cruiser to verify Agent Hicks' credentials?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 21*)

**Question No. 21**: That Officer Ferreyra did not know or otherwise recognize Agent Hicks during the 2015 encounter?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 22*)

**Question No. 22**: That Officer Ferreyra radioed for a supervisor to come to the scene based on the circumstances surrounding the encounter?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 23*)

**Question No. 23**: That Agent Hicks did not object to a Park Police supervisor coming to the scene?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 24*)

**Question No. 24**: That Sergeant Wallace, who was in Anacostia in the District of Columbia at the time of Officer Ferreyra's radio message, left to drive to the scene?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 25*)

**Question No. 25**: That, once he arrived on the scene, Officer Wallace spoke to Agent Hicks' supervisor on Agent Hicks' mobile phone?

Answer:        _____ YES            _____NO

(*Proceed to Question No. 26*)

**Question No. 26**: That, after he spoke with Agent Hicks' supervisor, Officer Wallace informed Agent Hicks that he was free to leave?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 27*)

**Question No. 27**: That, at no point during the first encounter, was Agent Hicks removed from the 2014 Chevrolet Impala, searched in his vehicle or on his person, given a ticket or citation, or placed in handcuffs?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 28*)

**Question No. 28**: That Agent Hicks was required to be at the scene of the first encounter until the motorcade drove past the scene?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 29*)

**Question No. 29**: That Officer Phillips left the scene of the first encounter before Agent Hicks?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 30*)

**Question No. 30**: That the first encounter ended no later than 6:50am?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 31*)

**Question No. 31**: That Agent Hicks, after he left the scene of the first encounter, was driving erratically and talking on his mobile phone as he traveled northbound on I-295?

Answer:   _____ YES   _____NO

(*Proceed to Question No. 32*)

**Question No. 32**:   That Officer Phillips was driving behind Agent Hicks as they both headed northbound on I-295 after the first encounter?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 33*)

**Question No. 33**:   That Officer Phillips did not recognize the 2014 Chevrolet Impala as the vehicle Agent Hicks was sitting in during the first encounter?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 34*)

**Question No. 34**:   That Officer Phillips did not know that Agent Hicks was driving the 2014 Chevrolet Impala on northbound I-295 after the first encounter?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 35*)

**Question No. 35**:   That Officer Phillips pulled Agent Hicks over for driving erratically and while on a mobile phone?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 36*)

**Question No. 36**:   That, after he pulled Agent Hicks over, Officer Phillips asked Agent Hicks for his driver's license and registration?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 37*)

**Question No. 37**:   That, once Officer Phillips recognized Agent Hicks as the driver from the first encounter, Officer Phillips returned the driver's license and registration to Agent Hicks and told him he was free to leave?

Answer:   _____ YES      _____NO

(*Proceed to Question No. 38*)

**Question No. 38**: That, at no point during the second encounter, was Agent Hicks removed from the 2014 Chevrolet Impala, searched in his vehicle or on his person, given a ticket or citation, or placed in handcuffs?

Answer: _____ YES _____NO

(*Proceed to Question No. 39*)

**Question No. 39**: That the second encounter ended no later than 6:59am?

Answer: _____ YES _____NO

SO SAY WE ALL.

_____
Foreperson's signature

Date: _____

8