**RELMAN COLFAX** PLLC

1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
202.728.1888

June 25, 2021

The Honorable Paul W. Grimm
United States District Judge
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

   RE: *Hicks v. Ferreyra, et al.*, 8:16-cv-2521-PWG

Dear Judge Grimm:

  What Defendants call "confusion," Plaintiff calls bias. Defendant Ferreyra was arrested by a person named Nathaniel Hicks, of the United States Secret Service, and had a negative interaction with him. Plaintiff's good faith belief is that Ferreyra thought that Plaintiff, who is also named Nathaniel Hicks and works for the Secret Service, was the person who arrested him, and Ferreyra harbored animosity toward Plaintiff as a result. Plaintiff moved *in limine* to admit evidence of Ferreyra's belief at trial as relevant to his bias.

  At the first hearing on Plaintiff's motion, Plaintiff made clear to the Court—as a preliminary issue and *before* the Court rendered its ruling—that the Nathaniel Hicks who arrested Ferreyra was actually not Plaintiff. At the hearing, the Court expressly considered this information and ruled that Plaintiff can ask Ferreyra whether he harbored any animosity or bias against Plaintiff based on any belief that the Nathaniel Hicks with whom he had a prior negative encounter was Plaintiff. The Court's later-filed order expressly acknowledges its understanding of the factual underpin. Order on Motions in Limine (Dkt. 131).

  In their recent filing, Defendants argue that Plaintiff should not be able to ask Ferreyra whether he held any bias toward Plaintiff. Defendants' filing does not remotely meet the standard of a proper motion for reconsideration and raises a host of false and irrelevant issues that bear no relation to the limited area of inquiry the Court has permitted at trial. For the reasons below, the Court should deny Defendants' motion and allow its ruling to stand.

    **Defendant Ferreyra's Belief Is the Source of His Counsel's Purported Confusion**

  Defendants spend much of their motion proffering inaccurate statements about the record that Plaintiff must correct. Defendants go as far as to suggest that Plaintiff "concealed" information in discovery and somehow "confus[ed] Officer Ferreyra" (and his counsel) into thinking that Plaintiff was the person who arrested him. (Dkt. 132 at 2). Nothing could be further from the truth.

  First, Defendants' counsel had the name of the arresting officer almost one year before Plaintiff had any knowledge of the incident. Plaintiff sought Ferreyra's employee records in May 2017, but because Defendants refused to produce them,[1] the records became the subject of

---

[1] Significantly, Defendants' counsel only refused to turn over Ferreyra's personnel records, but permitted Defendant Phillips's records to be turned over, suggesting that they had concern over the arresting officer's identity from the

protracted discovery motion-briefing, after which the Court conducted an *in camera* review and ordered production of the records it deemed relevant to this matter. (Dkt. 68). The records were not turned over to Plaintiff until July 2018, about a year after Defendants' counsel had the information. Any conclusions that Defendants' counsel drew regarding the identity of the arresting officer came from themselves or their client, but certainly not from Plaintiff.

Second, during Defendant Ferreyra's deposition, Plaintiff did not confuse Ferreyra into believing that Plaintiff arrested him. Despite Defendants' original assertions to the contrary, even a cursory review of the deposition transcript demonstrates that it was Ferreyra who first referenced "Hicks," offered that it was "the same man," and claimed that he drew the connection *prior* to his deposition. Ex. 1, Dep. of Ferreyra 295:17-20, 297:7-10[2]. Plaintiff's counsel then asked whether it was his understanding that the Hicks in this case and the Hicks involved in his arrest were the same person, an appropriate follow-up in light of Ferreyra's testimony. *Id.* at 297:11-298:4.[3]

Third, Plaintiff did not conceal or misrepresent anything in discovery. To the contrary, Plaintiff expressly and formally represented in discovery that he did *not* have a prior encounter with Ferreyra by *admitting* Defendants' Request for Admission that he had "never had any interaction with Officer Ferreyra prior to the First Stop." Ex. 2, Plaintiff's Responses to Defendants' First Requests for Admission.[4] (This request for admission was issued in October 2017, presumably after Defendants' counsel received and reviewed Ferreyra's records.) Though Plaintiff supplemented other responses, Plaintiff never supplemented or amended this one, which he would have been required to do if he (or his counsel) later learned that he had, in fact, had some prior encounter with Ferreyra. And, for whatever strategic reason, Defendants' counsel chose not to ask Plaintiff any questions about Ferreyra's prior arrest to ascertain what Plaintiff knew about it at Plaintiff's subsequent deposition. Had counsel chosen to do so, Plaintiff certainly would have testified, consistent with his response to Defendants' Request for Admission, that he had not had any prior encounters.

Nor did Plaintiff "misrepresent" anything in his filings with the Court. Each of the statements in Defendants' "chart,"[5] *see* Dkt. 132 at Ex. A, is an accurate statement regarding Plaintiff's claim about Defendant Ferreyra's belief and its relevance and admissibility as bias

---

outset. Moreover, in October 2017—prior to Plaintiff having any knowledge of the records—Defendants issued a targeted Request for Admission pertaining to Plaintiff's interactions with Ferreyra prior to the first stop. *See infra*.

[2] As evidenced by Plaintiff's bias theory articulated in the joint pretrial statement (Dkt. 117), Plaintiff finds dubious Ferreyra's testimony that he only formed his belief that Plaintiff had previously arrested him the night before his deposition. There is much in the record that informs Plaintiff's belief and calls into question Ferreyra's testimony, including the fact that his prior arresting officer had the same name (and worked for the same agency, among other similarities), Defendant's otherwise inexplicable and hostile treatment of Plaintiff after receiving the credentials bearing his name, and Defendant's deposition testimony about the incident and his beliefs about Plaintiff's involvement. Furthermore, Defendants' counsel was aware in 2017 that Ferreyra was arrested by an officer named Nathaniel Hicks, but Ferreyra was not deposed until September 2018. Given the litigation over the records and the length of time Defendants' counsel had them before they were produced to Plaintiff, Plaintiff is skeptical that Ferreyra only determined the identity of the arresting officer the night before his deposition, as he claims.

[3] Plaintiff's counsel did not know that Ferreyra thought Plaintiff participated in his arrest until Ferreyra testified at his deposition.

[4] Plaintiff's counsel mistakenly identified this as a response to an interrogatory at the hearing.

[5] Plaintiff is referring to each of the statements in the chart taken from Plaintiff's pleadings. The media statements that Defendants cite are wholly irrelevant to any issue before the Court as the jury will not receive statements from the press as evidence in this case.

evidence. In fact, Plaintiff specifically and repeatedly indicated that he was seeking to admit evidence about Ferreyra's *beliefs* at trial. And, as Defendants are forced to recognize, Plaintiff voluntarily elucidated the matter at the first hearing on Plaintiff's motion to make clear to the Court that the individual who arrested Ferreyra was actually not Plaintiff before any decision on the admissibility of this evidence.

### Defendants Provide No Basis to Revisit the Court's Prior Ruling

More to the point, Defendants provide no basis for the Court to reconsider its ruling. The Court ruled that Plaintiff may only ask whether Defendant Ferreyra harbored bias toward Plaintiff because he believed that he had a prior, negative encounter with him. There is nothing erroneous about the Court permitting Plaintiff to question Ferreyra about his bias.

Motions to reconsider are appropriate where the Court has (1) "patently misunderstood a party;" (2) "made a decision outside the adversarial issues presented to the Court;" (3) made an error "not of reasoning but of apprehension;" or (4) where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (Grimm, J.).

None of these factors are present here. The Court's ruling is not based upon any misunderstanding of any party or on any error of apprehension. Plaintiff made the Court aware that the Nathaniel Hicks involved in Ferreyra's arrest was not Plaintiff *before* the Court ruled on the matter. The Court's Order allowing Plaintiff to ask Ferreyra about his bias expressly acknowledges that the Nathaniel Hicks who arrested Ferreyra was not Plaintiff. (Dkt. 131). Further, the Court's decision is not outside the adversarial issues presented to the Court, as this was squarely in front of it at the hearing. Finally, there has been no change in circumstance. Defendants suggest that they have new factual evidence in the form of Plaintiff's counsel's representation that she was aware of the information during discovery, but information regarding when Plaintiff's counsel became aware is not new (Plaintiff discussed the circumstances of discovery at the hearing), indicative of any bad faith (see *supra*), or otherwise relevant.

Defendants' substantive argument—about the risk of confusion to jurors—is equally unavailing. Defendants' claim that the limited inquiry regarding Ferreyra's bias or animus toward Plaintiff would force Ferreyra to delve into the underlying details of his arrest is baseless. Ferreyra will either answer the questions yes or no, and the Court has already ruled that Plaintiff will not be permitted to introduce any additional evidence on the matter. Further, Plaintiff's pleadings cannot be a source of juror confusion, as jurors will not receive any pleadings as evidence in this matter. While Plaintiff believes that the Court's order identifying the limited area of inquiry is specifically tailored to avoid any purported confusion, if testimony is for some reason confusing on this issue, Plaintiff would have no objection to a stipulation or instruction to clarify the record. But this should not form the basis of an exclusion of relevant bias evidence.

In sum, Defendants provide no reason why Plaintiff cannot ask Ferreyra whether he was biased against Plaintiff because he believed he was involved in a prior, negative encounter with him. It is a fair inquiry that relates to highly relevant evidence of Ferreyra's bias. Defendants' motion to reconsider should be denied.

        Respectfully Submitted,

        <u>/s/ Yiyang Wu</u>
        Yiyang Wu
        Jia M. Cobb
        Angela A. Groves

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25th day of June, 2021, I electronically filed the foregoing Opposition to Defendants' Motion for Reconsideration using the CM/ECF system and served counsel of record via email.

/s/ Yiyang Wu
Yiyang Wu
RELMAN COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
ywu@relmanlaw.com